UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

C.A. No.

| | |
|---|---|
| EMILY HOARD,<br>    Plaintiff<br><br>v.<br><br>WALMART, INC.,<br>    Defendant. | )<br>)<br>)<br>)   **PLAINTIFF'S COMPLAINT**<br>)      **AND JURY DEMAND**<br>)<br>)<br>)<br>) |

## PARTIES

1. The plaintiff, Emily Hoard, is a citizen of the Commonwealth of Massachusetts and a resident of Braintree, Massachusetts, County of Norfolk.

2. The defendant, Walmart, Inc. ("Walmart"), is a Delaware corporation with its principal place of business located in Bentonville, Arkansas.

## JURISDICTION AND VENUE

3. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because the plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000.

4. Venue is proper in this district under 28 U.S.C. § 1391(a)(2) because all or substantially all of the events giving rise to the plaintiff's claim transpired in Braintree, County of Norfolk, Massachusetts.

5. Personal jurisdiction over the defendant exists pursuant to M.G.L. c. 223A, §§ 3(a), (b), (c) and (d) because the plaintiff's claims arise out of the defendant transacting business and contracting to supply goods in the Commonwealth of Massachusetts and by causing tortious injury by an act or omission both inside and outside of the Commonwealth. The defendant regularly does or solicits business and derives substantial revenue from goods used or consumed in the Commonwealth.

## FACTUAL ALLEGATIONS

6. The plaintiff repeats, realleges and incorporates fully herein paragraphs 1 through 5.

7. Sometime prior to October 10, 2018, the plaintiff purchased an Ozark Trail 24 oz. vacuum insulated stainless steel bottle (hereinafter "the subject bottle") from a Walmart store, located at 301 Falls Blvd, Quincy, Massachusetts, 02169.

8. The subject bottle included a thin paper sleeve that wrapped around the bottle featuring certain product information, including:

    a. Double-wall vacuum insulated keeps liquids cold and hot;

    b. Sweat-free design

    c. BPA free;

    d. Top rack dishwasher safe;

9. The subject bottle's thin carboard sleeve also contained warnings, which included:

    a. Do not use bleach or cleaners containing chlorine to clean;

    b. Please wash before initial use;

    c. Do not place in microwave;

    d. Do not place in freezer;

    e. Do not burn yourself;

    f. Take caution: Hot beverages will remain hot for several hours.

10. The thin paper sleeve on the subject bottle also stated: © 2017 Wal-Mart Stores, Inc., Ozark Train in a trademark of Wal-Mart Stores, Inc. All Rights Reserved. Distributed by/distribuido por Wal-Mart Stores, Inc., Betonville, AR 72716.

11. No other warnings were included with the subject bottle.

12. On or about October 1, 2018, the plaintiff, Emily Hoard, poured "Arizona" brand mango juice into the subject bottle.

13. Over the course of the day, the plaintiff took drinks from the subject bottle and by the end of the day approximately ¼ of the subject bottle was remained filled with mango juice.

14. Upon returning home, the plaintiff put the backpack away, forgetting that she had placed the subject bottle in her backpack.

15. On or about October 10, 2018, the plaintiff retrieved the backpack and discovered the subject bottle was still in her backpack.

16. On or about October 10, 2018, the plaintiff attempted to remove the subject bottle's top by unscrewing the bottle cap but was physically unable to unscrew the bottle-top.

17. As the plaintiff continued her effort to remove the subject bottle-top, the top suddenly, and without warning, ejected with enormous force from the subject bottle, striking the plaintiff below her chin and lower jaw with extreme velocity, causing massive damage to the plaintiff's jaw and face.

18. The plaintiff immediately started bleeding profusely from her chin, lower jaw and mouth and she was transported to Boston Medical Center for emergency medical treatment.

19. At all times relevant hereto, the plaintiff was using the subject bottle in a reasonably foreseeable manner.

20. Prior to October 10, 2018, defendant, Walmart, knew or reasonably should have known that other users of similarly designed Ozark Trail vacuum insulated stainless steel bottle had been injured as a direct result of the bottle-top exploding due to increased pressure within the bottle.

## COUNT I

### CLAIM OF THE PLAINTIFF, EMILY HOARD, AGAINST THE DEFENDANT, WALMART, INC., FOR PERSONAL INJURIES AND RELATED LOSSES, PREDICATED ON BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY

21. The plaintiff repeats, realleges, and incorporates fully herein paragraphs 1 through 20.

22. At all times relevant Defendant, Walmart, Inc. was engaged, either directly or indirectly, in the business of designing, manufacturing, marketing, distributing and/or selling the Ozark Trail 24 oz. vacuum insulated stainless steel bottle, including but not limited to the subject bottle.

23. Some time prior to October 10, 2018, the defendant, either directly or indirectly, placed into the stream of commerce a certain Ozark Trail 24 oz. vacuum insulated stainless steel bottle herein referred to as the "subject bottle."

24. In distributing, selling and placing the subject bottle into the stream of commerce, the defendant warranted that the subject bottle was reasonably fit and suitable for its general purpose and its intended and ordinary purposes.

25. The plaintiff, at all times relevant hereto, was a person whom the defendant should reasonably have expected to use or be affected by the aforesaid subject bottle.

26. In reliance upon the aforesaid warranty, on or about October 10, 2018, the plaintiff was using the subject bottle consistent with its ordinary and intended purpose, when the subject bottle top suddenly and forcefully ejected striking the plaintiff's chin and lower jaw, causing the plaintiff to sustain serious and permanent injuries.

27. At all times relevant hereto, the defendant breached its implied warranty of merchantability insofar as the aforesaid subject bottle was not reasonably fit and suitable for the general and ordinary purpose for which it was sold and was unreasonably dangerous in that it did not provide an adequate pressure relief mechanism to alleviate a foreseeable event such as occurred in this case.

28. At all times relevant hereto, the defendant knew, or reasonably should have known, that placing fruit juice with a high sugar content could and likely would create a thermal environment creating a build-up of interior pressure.

29. At all times relevant hereto, the defendant knew, or reasonably should have known, that increased pressure within the bottle posed a real and substantial risk of harm under circumstances where a user attempted to remove the bottle top while the product was under signficant interior pressure.

30. At all times relevant hereto, the defendant knew, or reasonably should have known, that safer, alternative designs existed for the purpose of releasing interior pressure which would have alleviated the risk to users, including the risk of injury caused by forceful ejection of the bottle-top, due to dangerous levels of interior pressure.

31. The subject bottle was defectively designed in at least the following five (5) respects at the time it was sold, for which the defendant is liable:

    a. Defendant failed to incorporate by design, technologically and economically available safer designs that would have released the build-up of pressure and protect users from a forceful ejection event;

    b. Defendant failed to adequately warn users, including the plaintiff, about the unsafe and defective design and nature of the subject bottle, such that individuals, including the plaintiff, could make informed and prudent decisions regarding purchasing, use, and application of the subject bottle;

    c. Defendant failed to implement safe, technologically feasible and economically practical alternative designs, which would have mitigated or cured the design defect noted herein;

    d. Defendant failed to protect, guard, or warn users, including the plaintiff, of the hazards it recognized, or reasonably should have recognized, to be associated with the use of the subject bottle; and

    e. Defendant failed to complete an adequate risk/hazard analysis of potential harm to users when the subject bottle was released on the market and made available for sale to consumers, including the plaintiff, Emily Hoard.

4

32. At all times relevant hereto, Defendant knew, or reasonably should have known, that it was foreseeable that a user of the subject bottle would leave juice/liquid contents in the bottle for an extended period of time, causing pressure to accumulate, and it was equally foreseeable that this increased interior pressure-environment posed a real and substantial risk of harm when someone attempted to remove the lid while the product was under such high pressure.

33. Prior to October 10, 2018, defendant, Walmart, knew or reasonably should have known that other users of similarly designed Ozark Trail vacuum insulated stainless steel bottle had been injured as a direct result of the bottle-top exploding due to increased pressure within the bottle.

34. As a direct and proximate result of the defendant's breach of warranty, the plaintiff through no fault of her own was caused to suffer and did suffer serious and permanent personal injuries, including great pain of body and anguish of mind, and incurred substantial medical expenses and related losses.

35. As a direct and proximate result of the foregoing, the plaintiff is entitled to recover damages from the defendant in an amount deemed fair and reasonable to fully compensate the plaintiff for all of her incident-related injuries and losses, together with interest and costs.

**WHEREFORE**, the plaintiff, Emily Hoard, demands judgment against the defendant, Walmart, Inc., in an amount deemed fair and reasonable to fully compensate the plaintiff for all of her injuries and losses, together with interest and costs.

## COUNT II

### CLAIM OF THE PLAINTIFF, EMILY HOARD, AGAINST THE DEFENDANT, WALMART, INC., FOR PERSONAL INJURIES AND RELATED LOSSES, PREDICATED ON NEGLIGENCE

36. The plaintiff repeats, realleges, and incorporates fully herein paragraphs 1 through 35.

37. At all times relevant hereto, Walmart owed a duty of care to the consumer public, including the plaintiff, to design, manufacture, distribute, and sell a reasonably safe product and to warn the plaintiff and others about foreseeable dangers associated with the product of which the defendant was aware or reasonably should have been aware.

38. Walmart had a duty to hold paramount the safety, health, and welfare of the plaintiff and the consumer public in designing, selling, manufacturing, and distributing the subject bottle.

39. Walmart had a duty to eliminate, through design, hazards it recognized to be associated with the use of the subject bottle.

40. Walmart had a duty to protect consumers against hazards which were reasonably foreseeable to be associated with the use of its product, in that Walmart could have and should have designed the defect flaws and dangers out of its product.

41. Walmart had a duty to warn consumers of hazards recognized to be associated with the use of its product before and after introduction of the subject bottle to the public.

42. Prior to October 10, 2018, defendant, Walmart, knew or reasonably should have known that other users of similarly designed Ozark Trail vacuum insulated stainless steel bottle had been injured as a direct result of the bottle-top exploding due to increased pressure within the bottle.

43. Walmart breached its duty of care in one or more of the following seven (7) respects, directly and proximately causing the plaintiff's severe injury:

    a. Walmart negligently failed to design the subject bottle to be reasonably safe while used as intended, namely, when filled with fruit juice;

    b. Walmart negligently failed to adequately warn the plaintiff, other consumers, and the public in general about the unsafe and defective condition and design of the subject bottle, which, either known at the time of distribution of the subject bottle or learned after its distribution, would have allowed the plaintiff to make informed and prudent decisions regarding the use of the subject product;

    c. Walmart negligently failed to adequately warn the plaintiff, other consumers, and the public in general about the unsafe and defective condition and design of the subject bottle, which, either known at the time of distribution of the subject bottle or learned after its distribution, would have allowed the plaintiff to make informed and prudent decisions regarding the use of the subject product;

    d. Walmart negligently failed to adequately warn users, including the plaintiff, of the risk that storing fruit juice in the subject bottle for an extended period of time could and likely would result in a build-up of significant internal pressure, posing a highly dangerous condition to users, including the plaintiff, when attempting to remove the bottle top under such conditions.

    e. Walmart negligently failed to implement safe, technologically feasible, and economically alternative designs, devices, and process which would have mitigated or cured the defective condition of the subject bottle;

    f. Walmart negligently failed to complete an adequate hazard analysis and risk assessment for potential harm to consumers when the subject bottle was designed, manufactured, sold, and distributed, and further, Walmart distributed the subject bottle without sufficient safety devices and alternatives which would have prevented the injury to the plaintiff; and

    g. Walmart negligently failed to recall the subject product after learning the product was defective, prone to failure, and prone to cause injury to users, which created an increased risk of injury to the plaintiff and the consumer public.

44. Walmart had superior knowledge over that of the plaintiff and should have reasonably foreseen that vacuum-sealed bottles, such as the subject bottle, are well-known to be hazardous where the subject bottle does not include a pressure-release mechanism.

45. In failing to adequately design the product so as to prevent forceful ejection of the bottle-top, Walmart had a specific duty to warn users, including the plaintiff, not to leave organic liquid sitting in the subject bottle for extended periods of time, and to not attempt to remove the bottle top if the top when the user, including the plaintiff, experienced difficulty unscrewing the subject bottle-top.

46. As a direct and proximate result of Walmart's failure to warn users, including the plaintiff, of the failures and dangers associated with the subject bottle, the plaintiff used the subject bottle in a reasonably foreseeable manner and, consequently, suffered serious physical injuries and emotional trauma.

47. As a result of the foregoing, the plaintiff is entitled to recover damages from the defendant, Walmart, Inc., in an amount deemed fair and reasonable to fully compensate the plaintiff for all of her incident-related injuries and losses, together with interest and costs.

**WHEREFORE**, the plaintiff, Emily Hoard, demands judgment against the defendant, Walmart, Inc., in an amount deemed fair and reasonable to fully compensate the plaintiff for her incident-related injuries and losses, together with interest and costs.

## COUNT III

## CLAIM OF THE PLAINTIFF, EMILY HOARD, AGAINST THE DEFENDANT, WALMART, INC., FOR VIOLATION OF G.L. c. 93A.

48. The plaintiff repeats, realleges and incorporates fully herein paragraphs 1 through 47.

49. The injuries suffered by the plaintiff, as a result of the breach of warranty by the defendant, Walmart, constitutes a violation of G.L. c. 93A for which the plaintiff is entitled to recover up to treble damages, plus attorney's fees, interest and costs incurred in the connection with her underlying claim. Maillet v. ATF-Davidson Company, Inc., 407 Mass. 185 (1990).

50. On June 2, 2021, the plaintiff delivered a Demand pursuant to G.L. c. 93A to the defendant, Walmart, via certified mail, return receipt requested.

51. The defendant failed to provide a timely response to the plaintiff's demand pursuant to G.L. c. 93A.

52. As a result of the foregoing, the plaintiff is entitled to recover up to treble damages from the defendant, together with interest, costs and reasonable attorney's fees.

**WHEREFORE**, the Plaintiff, Emily Hoard, demands judgment against the defendant, Walmart, Incorporated in an amount deemed fair and reasonable to compensate the plaintiff for all of her injuries and losses, together with interest and costs.

## THE PLAINTIFF DEMANDS TRIAL BY JURY

Respectfully Submitted,
The plaintiff,
By her attorney,

_____
Eric J. Parker, Esq. BBO# 549513
ejp@parkerscheer.com
Susan M. Bourque, Esq. BBO # 647195
smb@parkerscheer.com
PARKER | SCHEER LLP
One Constitution Wharf
Boston, Massachusetts 02129
T (617) 886-0500
F (617) 886-0100

Date: August 18, 2021